

FILED & JUDGMENT ENTERED
David E. Weich

Apr 01 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION

In Re:                            )
                                  )
TIMOTHY VAN JAMES                 )  Case No. 09-11264
CORI RAE JAMES,                   )  Chapter 13
                                  )
              Debtors.            )
_____)
```

### ORDER

This matter is before the court on a number of motions and objections relating to the filing of an altered credit counseling certificate filed with the debtors' Chapter 13 bankruptcy petition. The court has concluded that debtors' counsel should be sanctioned on account of altered documents filed with the court by a member of his staff. The court has further concluded that neither the debtors nor the debtors' attorney has acted improperly in this matter.

Background

1. Section 109(h)(1) of the Bankruptcy Code requires a debtor to complete a credit counseling course within 180 days prior to filing a bankruptcy petition. The debtors here took an approved credit counseling course online on May 16, 2009. They completed the course and obtained their "control number" signifying their completion of the course but did not obtain the actual credit counseling certificates.

2. In August 2009, the debtors met with their attorney and executed a Chapter 13 bankruptcy petition. Because they had very recently refinanced their home mortgage, the debtors and their attorney determined to delay filing bankruptcy for at least one month to allow a mortgage payment to clear before they filed their petition.

3. The paralegal for the attorney filed a bankruptcy petition for the debtors on November 13, 2009. Immediately after filing the petition, the paralegal sought to obtain the debtors' credit counseling certificates using the control number, but was unable to do so. The control number had "expired" because more than 180 days had passed since it had been issued.

4. The paralegal then registered and completed the credit counseling course online "for" the debtors and obtained credit counseling certificates. Because the time-stamp affixed to the

certificates reflected that the course was completed subsequent to the filing of the petition, the paralegal redacted the time entry, and then filed the falsified certificates with the court.

    5.    The attorney (and the debtors) first were made aware of a problem with the credit counseling certificates at the first meeting of creditors in December 2009, and the matter began to unravel from that point.

### Procedural Background

    6.    The day after the first meeting of creditors, debtors' attorney filed a Motion to Excuse Debtors for Late Completion of Credit Counseling Requirement.

    7.    On December 30, 2009, the Bankruptcy Administrator filed an Objection to the debtors' Motion and also filed an Objection to Confirmation and Motion to Convert to Chapter 7 on the basis that the credit counseling certificates appeared to be altered and were issued after the petition was filed.

    8.    On January 18, 2010, the debtors filed a notice of voluntary dismissal of their Chapter 13 case. On January 21, 2010, the court entered an Order on the notice of dismissal deeming the filing to be ineffective pending further orders of the court.

    9.    On January 28, 2010, the Bankruptcy Administrator filed an Amended Objection to Confirmation and Amended Motion to

Convert to Chapter 7 and added a Motion for Sanctions against the debtors' attorney.

10. The court conducted a hearing on the above-referenced motions on February 16, 2010, and this order is a determination of those matters.

## Discussion

11. The various motions, objections, and testimony at the hearing raise a number of issues:

> (1) Whether altered or otherwise fraudulent documents were filed with the court, and if so, by whom;
>
> (2) Whether the debtors' Notice of Dismissal was filed in bad faith;
>
> (3) Whether any of the actions of debtors' attorney were improper; and
>
> (4) Whether sanctions should be assessed against the debtors or their attorney.

These issues are addressed *seriatim* as follows:

## The Credit Counseling Certificate

12. Credit counseling certificates for each debtor were filed electronically with the court by their attorney's paralegal. Because the course was completed subsequent to the filing of the petition, each certificate had been altered to remove the time stamp in order not to reflect the exact time of day the sessions were completed.

13. The paralegal denied any wrongdoing during the debtors' attorney's investigation of this matter following the

4

first meeting of creditors. The paralegal finally admitted taking a credit counseling course for the debtors several days prior to the hearing on this matter -- only after being confronted with the fact that the course had been taken on her computer. However, at the hearing on this matter she continued to deny having altered the certificates. The court does not find that testimony to be credible.

14. The court is satisfied that: the paralegal discovered that no certificates would be issued for the original credit counseling course because it had been taken by the debtors more than 180 days before the petition was filed; she then took the course online "for" the debtors and obtained certificates in their names; but because the time stamps showed the course was taken after the petition had been filed, she erased the time stamps on the certificates; and finally, the paralegal filed the altered certificates electronically with the court. The paralegal acted on her own initiative. Neither the debtors nor their attorney knew of her actions nor was there any reason for them to have suspected any wrongdoing or taken any actions themselves.

<u>Debtors' Notice of Dismissal</u>

15. A Chapter 13 debtor's right to dismiss or convert a case pursuant to 11 U.S.C. § 1307(a) is not absolute. Rather, it is impressed with the tacit requirement that exercise of that

right be in good faith and not for any improper purpose. See <u>In re Tatsis</u>, 72 B.R. 908 (Bankr. W.D.N.C. 1987) and cases cited therein.

16. The notice of dismissal filed on debtors' behalf by their attorney stirred the suspicions of the Bankruptcy Administrator. The BA had been investigating this matter and suspected that the dismissal was an effort to abort that investigation -- and to avoid the hearing on the matter -- by divesting the court of jurisdiction. Because of that possibility the court entered its order essentially staying the attempted dismissal until a hearing could be conducted.

17. At the hearing, the debtors and their attorney demonstrated that the notice of dismissal was filed in good faith and was not an attempt to circumvent the process that the Bankruptcy Administrator had initiated. The debtors and their attorney had cooperated with the Bankruptcy Administrator's efforts. Throughout all of their correspondence there is no indication of any purpose of evasion. Moreover, there were legitimate legal and personal reasons for filing the dismissal: the BA consistently had taken the position that the debtors could not be "debtors" and could not receive a discharge in the pending case. A dismissal and refiling was a solution to that problem. The debtors had also experienced some changes in their circumstances and were contemplating whether a Chapter 7 case

6

would be more appropriate for them.  In addition, because of the allegations against him, the debtors' attorney believed that his clients would be better served by starting anew with another attorney.

    18.  The Bankruptcy Administrator argued that the dismissal was an attempt by the debtors' attorney to make the sanctions matter go away.  The court does not believe that to be the case and notes that there are other forums in which an appropriate action could have been pursued against the debtors' attorney, including the filing of a miscellaneous proceeding by the Bankruptcy Administrator in this court.  Moreover, the debtors' attorney testified that it was his preference for this matter to be heard by this court where he has practiced for several years and where the court is familiar with him.

    19.  Thus, the court finds and concludes that the notice of voluntary dismissal was filed in good faith and for proper reasons.  The court will nevertheless strike the debtors' notice of voluntary dismissal because their circumstances and needs may have changed since the filing and they have hired substitute counsel who can determine whether a dismissal is appropriate for the debtors at this time.  Striking the dismissal is without prejudice to any action the debtors may take subsequently.

Conduct of Debtors' Attorney

20. The court finds no improper conduct by the debtors' attorney. He made some mistakes and should have handled some things differently. But there is no evidence whatsoever of any intent to deceive or of any improper actions by debtors' attorney.

21. The Motion to Excuse Debtors for Late Completion of Credit Counseling Requirement contains several statements that have proven incorrect. The most pronounced of these misstatements were the ones in paragraph 6 regarding the alteration of the time stamp on the certificate of credit counseling.

22. The debtors' attorney first learned of a problem with the credit counseling requirement at the debtors' first meeting of creditors. He prepared and filed the Motion the next day in an attempt to quickly rectify the deficiency. He had talked with his paralegal about the certificate, and she had assured him that she had done nothing improper. At that point he had no knowledge that a member of his staff had altered the certificates and no reason not to accept as true the explanation of a faithful staff member.

23. Thus, the court concludes that the debtors' attorney reasonably understood the facts to be as stated at the time the

Motion was filed and finds that he did not make any intentional misrepresentations in the Motion.

24. Although not pled in any of the motions or objections filed, the evidence at the hearing disclosed that there were some differences in the petition that was filed with the court and the executed copy maintained by their attorney. Though not proper, this discrepancy does not appear to be intentional or an attempt to misrepresent anything. Rather, it appears to have resulted from the fact that debtors signed their petition in August but decided to delay filing it because they had refinanced their home recently and wanted one or more monthly payments to clear before filing. The debtors' attorney updated their information later in November and their petition was filed, using that more recent data. So, rather than attempting to misrepresent anything, the debtors' attorney was seeking to insure that the petition was up-to-date. His failing was in not having the updated petition signed by the debtors -- not in filing an incorrect petition.

25. Finally, the Bankruptcy Administrator asserted that debtors' attorney might have had a conflict of interest with the debtors, although she did not identify any specific conflict. Once debtors' attorney became the focus of the Bankruptcy Administrator's objections and motions, he certainly had an extraordinary interest in the matter. However, it does not

9

appear that his personal interest ever conflicted with the debtors' interests. In fact, debtors' attorney appears to have acted fully in the debtors' best interest and on their behalf.

<u>Sanctions</u>

26. Debtors' attorney is the sole professional ultimately responsible for the product of his office. The actions of his paralegal in taking the credit counseling course posing as the debtors and in filing the altered certificates were, although not to his knowledge, under his supervision and control. Consequently, the court finds that the debtors' attorney should be sanctioned for that conduct.

27. The court believes that a sanction of $2,500.00 is appropriate in this case. Further, the debtors have been victims of the misconduct in this case. Accordingly, the court finds that the debtors' attorney should reimburse to them all attorney's fees paid in this case.

It is therefore **ORDERED** that:

1. The debtors' Motion to Excuse Debtors for Late Completion of Credit Counseling Requirement is granted;

2. The Bankruptcy Administrator's Amended Motion To Convert to Chapter 7 is denied;

3. The Bankruptcy Administrator's Amended Objection to Confirmation is overruled;

4. The debtors' notice of voluntary dismissal is stricken without prejudice; and

5. The Bankruptcy Administrator's Motion For Sanctions is granted, and H. Trade Elkins, Esq., is ordered (a) to reimburse to the debtors all attorney's fees paid to him in this case; and (b) to pay to the Clerk of the United States Bankruptcy Court the sum of $2,500.  The debtors' attorney has 90 days from the date of the entry of this Order to pay such sanctions.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**